UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON MARK HART,

              Plaintiff,

   v.

CHARLES HAMILTON III,

              Defendant.

Case No. C19-1156-RAJ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, brings this 42 U.S.C. § 1983 action against a single defendant: his former attorney Charles Hamilton III. Plaintiff seeks damages from Defendant for failing to file timely lawsuits on his behalf. Having screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court recommends that this matter be dismissed with prejudice and without leave to amend and that the dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).

## II.    SCREENING STANDARD

When a prisoner files a complaint, the Court must dismiss it prior to service if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be "enough to raise a right to relief above the speculative level." *Id.* The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When dismissing a complaint under § 1915A, the Court gives *pro se* prisoners leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.   DISCUSSION

Plaintiff brings this action pursuant to § 1983. To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff's § 1983 claims fail as a matter of law because his former attorney does not act under color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Miranda v.*

*Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003). It is clear that amendment of any claims against Defendant would be futile. Accordingly, this action should be dismissed.

### IV.   CONCLUSION

The Court recommends that this action be DISMISSED with prejudice and without leave to amend for failure to state a claim upon which relief may be granted. **This dismissal should count as a STRIKE under 28 U.S.C. § 1915(g)** (prisoner may not proceed in forma pauperis if prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal that was dismissed a frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 10, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date objections were due.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Richard A. Jones.

Dated this 18th day of September, 2019.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3